**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN THORSTENSON, <br><br> Petitioner, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> Respondent, <br><br> BNSF RAILWAY COMPANY, <br><br> Intervenor. | No. 22-70020 <br><br> LABR ARB No. 2018-0060 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Department of Labor

Argued and Submitted February 16, 2023
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,<sup>**</sup>
District Judge.

In this comeback case, Petitioner Stephen Thorstenson appeals a second

determination by the Department of Labor Administrative Review Board ("ARB")

---

       \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       \*\*     The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

that BNSF Railway Company ("BNSF") did not retaliate against Thorstenson in violation of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq*. We have jurisdiction under 49 U.S.C. § 20109(d)(4). We grant the petition and remand for the limited purpose of determining compensatory damages.

In the initial appeal, we reversed and remanded the ARB's affirmance of the administrative law judge's ("ALJ") decision, explaining that the ARB had improperly rejected the contention that "BNSF's enforcement of its timely injury reporting policy was so unreasonable and unduly burdensome that it constituted retaliation when enforced on these facts." *Thorstenson v. U.S. Dep't of Labor* ("*Thorstenson I*"), 831 F. App'x 842, 843 (9th Cir. 2020). We held that "because it was virtually impossible for Thorstenson to comply with the injury reporting rule, he was effectively disciplined for the protected activity of reporting a workplace injury." *Id.* On remand, the ARB took issue with our analysis of the record, determined that our disposition did not implicate BNSF's affirmative defense, and affirmed once more the ALJ's finding that BNSF had proven its affirmative defense. Thorstenson now petitions for review.

The ARB erred in its interpretation of our prior decision, which foreclosed its determination on remand that BNSF established its affirmative defense by clear and convincing evidence. *See id.* (explaining that "BNSF's enforcement of its timely injury reporting policy was so unreasonable and unduly burdensome that it

2

constituted retaliation when enforced on these facts" and "because it was virtually impossible for Thorstenson to comply with the injury reporting rule, he was effectively disciplined for the protected activity of reporting a workplace injury"). In the alternative, we hold that substantial evidence does not support the ALJ's conclusion that BNSF proved by clear and convincing evidence that it would have disciplined Thorstenson in the absence of his protected activity. *See DeFrancesco v. Union R.R. Co.*, ARB No. 13-057, 2015 WL 5781070, at \*5 (ARB Sept. 30, 2015) (explaining that "'[c]lear' evidence means the employer has presented an unambiguous explanation for the adverse action(s) in question," and "'[c]onvincing' evidence has been defined as evidence demonstrating that a proposed fact is 'highly probable'").

It is clear from the administrative record that Thorstenson is entitled to damages for his termination. The ALJ found that BNSF terminated Thorstenson under its progressive discipline policy, relying on the earlier Level S for the late-reported injury. We therefore conclude that a remand for further proceedings on the merits would serve no useful purpose. We grant this petition, reverse the decision of the ARB, and remand with instructions to remand to the ALJ for the limited purpose of determining compensatory damages based on the existing record, to be supplemented only as to post-hearing damages.

**PETITION GRANTED and REMANDED with instructions.**

3